IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHON SUMPTER-BEY, )
)
    Plaintiff, )
)
v. )
) No. 3:10-cv-1021
) JUDGE HAYNES
SHERIFF SONNY WEATHERFORD, SONYA )
TROUTT, RACHEL SEARCY, VICKY )
COLETRAIN, MELINDA EPPSTEIN and )
JULIEN IACOB )
)
    Defendants. )
)
)

## ORDER

Before the Court is Plaintiff's motion to reconsider (Docket Entry No. 33) the Court's order dismissing Plaintiff's claims without prejudice under Federal Rules of Civil Procedure 41(b) for Plaintiff's failure to prosecute. (Docket Entry No. 29). The Court concluded that the Plaintiff had failed to apprise the Court of his new address or refused to claim mailings, and thus the Court was unable to conduct necessary proceedings in this action. Id.

Plaintiff argues that he informed the court of his new mailing address and has corresponded with the Court following his change of address. (Docket Entry No. 33).

This Court dismissed this action following Plaintiff's apparent refusal to accept a copy of a Court order. (Docket Entry No. 23, Certified Mail Returned as Undeliverable as to Docket Entry No. 16 Order). The envelope was returned marked both as "refused" and "Name/TDOC # do not match." After reviewing Plaintiff's complaint, (Docket Entry No. 1), and his change of address letter, (Docket Entry No. 18), it appears that Plaintiff's identification number changed from "78817" in Sumner County Jail to "484523" in West Tennessee State Prison. The Court's Order that was returned, was mailed the same day that the Clerk filed Plaintiff's notice of change of address. (Docket Entry No. 17, Certified Mail Receipt re 16 Order). While the new

identification number is noted in Plaintiff's change of address submission, the Clerk used the previous identification number to address the copy of the order that was returned. Thus, Plaintiff's name and TDOC number would not match when the correspondence was received by West Tennessee State Prison. Correspondence from this Court has been received by Plaintiff when addressed with his new identification number. (Docket Entry No. 27; Docket Entry No. 32).

Thus, Plaintiff's motion for reconsideration is **GRANTED**. The Order of Dismissal (Docket Entry No. 29) is set aside. This action is **REOPENED** and the Clerk's Office is directed to do so. The parties have thirty days from the date of this order to submit an Order setting deadlines for discovery, filing pretrial motions and trial.

It is so **ORDERED**.

ENTERED this the ___12th___ day of July, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge