UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


STEPHON SUMPTER-BEY          ]
    Plaintiff,              ]
                             ]
v.                           ]     No. 3:10-1021
                             ]     JUDGE HAYNES
SHERIFF SONNY WEATHERFORD,    ]
et al.                       ]
    Defendants.            ]


O R D E R


The Court has before it Plaintiff's Motion to Appeal (Docket Entry No.35), an application to proceed on appeal *in forma pauperis* (Docket Entry No.51), and a Motion for the Appointment of Counsel (Docket Entry No.52).

On July 12, 2011, the Court entered an order (Docket Entry No.44) reopening the instant case. The effect of this order was to render MOOT the Plaintiff's Motion to Appeal and his application to proceed on appeal *in forma pauperis*. Accordingly, the Motion to Appeal and application to proceed on appeal *in forma pauperis* are hereby **DENIED** for that reason.

Plaintiff also seeks the appointment of counsel. The Supreme Court has held that "an indigent's right to appointed counsel ....... exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Department of

Social Services, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993). In this instance, the petitioner has not alleged the type of exceptional circumstance that would warrant an appointment of counsel. Therefore, Plaintiff's Motion for the Appointment of Counsel is **DENIED** as well.

It is so **ORDERED**.

**ENTERED** this the ⟋5th⟍ day of August, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge